McDERMOTT v, STELLA.

(Supreme Court, Appellate Term.  February 9, 1911.)

1. PRINCIPAL AND AGENT (§ 183*)—REMEDY OF AGENT—RIGHT OF ACTION.

Where an agent of a consignor, under a duty to deliver goods to the consignee on payment of the charges, delivered the goods to the consignee on request that the agent pay charges, and on his promise to repay him, the agent could recover on the promise only if he had paid the charges, or had in reliance on the consignee's promise incurred a personal liability therefor.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 691; Dec. Dig. § 183.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence is conclusive on appeal, in the absence of prejudicial error of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

3. WITNESSES (§ 331½*)—IMPEACHMENT—EVIDENCE—ADMISSIBILITY.

Where, on the issue whether a consignee of foreign wines had agreed to pay foreign charges, which an agent of the consignor sought to recover from the consignee, the agent testified that the consignee promised to pay foreign charges in consideration of a delivery of the wines to him, and the consignee claimed that he had paid for the wines in a foreign country, and that nothing was said about foreign charges, evidence that the consignee had no account with the consignor, who was merely a shipping broker, and that the wines had been bought from a third person, who had been paid, was admissible as bearing on the credibility of the witnesses.

[Ed. Note.—For other cases, se Witnesses, Dec. Dig. § 331½.*]

Appeal from City Court of New York, Trial Term.

Action by Anna McDermott against Domenico Stella.  From a judgment of the City Court of the City of New York for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed, and new trial granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Nicholas Selvaggi (Jerome H. Buck, of counsel), for appellant.

Jackson, Hollander & Frank (Samuel F. Frank, of counsel), for respondent.

LEHMAN, J.  The plaintiff sues as assignor of the Corsi Zunstig Company, a domestic corporation.  The complaint alleges:

"That heretofore, and on or about the 13th day of May, 1910, the said corporation at the special instance and request of the defendant delivered to him certain goods, wares, and merchandise, consisting of 68 barrels of wine, which had been received by them *as shipping agents, to be delivered to the defendant upon payment of the charges* and expenses thereof, which amounted to the sum of $1,753.14; that the defendant, being unable to pay the said charges, requested the said corporation to pay the same, and promised and agreed, in consideration of their delivering to him at that time the said merchandise, to pay the said charges."

"That thereupon, and previous to the commencement of this action, defendant paid on account thereof the sum of $1,085, but that he has neglected and refused to pay the balance thereof, and there is now due unpaid and owing upon the said account the sum of $669.14."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Since the plaintiff's assignor was only the shipping agent of the consignor of the wine, under a duty to deliver the wine to the defendant upon the payment of the charges and expenses, and was not the principal in the transaction, the plaintiff can recover upon the alleged promise of the defendant to pay these charges only if the assignor has actually paid the charges himself as requested, or has in reliance on defendant's promise incurred a personal liability for such charges. At the trial an officer of the assignor testified that he received the wine from M. Gioseffi, the foreign consignor, with instructions to "deliver against payment of your charges and our account, amounting to 2,-613.95 lira"; that he presented these instructions to the defendant, and told him the duty would be $1,245.65, and his charges $3, and demanded payment of these charges, amounting in all to $1,753.14; that the defendant approved of the amount, and paid $1,085 thereon, and promised that on the following day he would pay the balance. Relying on this promise, the corporation delivered the wine, paid the duty, and also the foreign charges. The defendant denied this story, and claimed that he had paid for the wine in Italy, that nothing was said to him about the foreign charges, but that he was told that the custom charges amounted to $1,085, and that he paid this amount. Upon this conflict of evidence the jury found for the plaintiff, and in the absence of prejudicial error by the court their decision is final.

The record, however, discloses in my opinion errors that were clearly prejudicial. Upon the question of the relative credibility of the opposing stories the question whether or not the amount of the foreign charges had been previously paid was clearly material, and would tend to show the improbability of a subsequent promise to pay the same charges; yet the trial justice sustained objections to all questions by which the defendant might have shown that he had no account with Gioseffi, that Gioseffi was merely a shipping broker, and that he had bought the wine from another person whom he had already paid.

While the trial justice has apparently ruled very closely upon other evidence, in view of our decision, we need not consider whether or not such other evidence was improperly excluded.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.